IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30651
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER J. PERCOPO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 93-CR-354-1-G
- - - - - - - - - -
May 6, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Peter J. Percopo appeals the district court's sentencing following his conviction for mail fraud. He argues that (1) the Sentencing Commission exceeded its Congressional mandate when it determined that an insurance company was a "financial institution" for purposes of U.S.S.G. § 2F1.1(b)(6)(A); (2) the district court abused it discretion in failing to continue sentencing for a fifth time; and (3) there was an "improper joinder" of two unrelated convictions into one

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presentence report.  We review Percopo's contentions for plain

error.**

Under Fed. R. Crim. P. 52(b), this court may correct

forfeited errors only when the appellant shows the following

factors: (1) there is an error, (2) that is clear or obvious, and

(3) that affects his substantial rights.  United States v.

Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing

United States v. Olano, 507 U.S. 725, 730-36 (1993)).  If these

factors are established, the decision to correct the forfeited

error is within the sound discretion of the court, and the court

will not exercise that discretion unless the error seriously

affects the fairness, integrity, or public reputation of judicial

proceedings.  Olano, 507 U.S. at 736.

None of Percopo's contentions amounts to error that is

"plain" or "obvious."  See Calverley, 37 F.3d at 162-64.

Further, because he was given a substantial downward departure,

Percopo cannot demonstrate that his substantial rights were

affected by any such error.  Id.

AFFIRMED.

---

** Percopo failed to preserve for appeal his first and third
contentions.  Percopo's failure to inform the court of the reason
he sought a fifth continuance amounts to invited error.  If an
issue is barred by the invited error doctrine, this court's
review is limited to plain error.  United States v. Harrington,
82 F.3d 83, 90 (5th Cir. 1996).